Dac-7085/104

JAN 2 4 2014

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS



PROVIDENCE, SC.                     SUPERIOR COURT
                                    CIVIL DOCKET # C.A. PC14-

---

WILLIAM J. RUOTOLO,
        *Plaintiff,*

v.

AFNI, INC.,
CHASE RECEIVABLES,
        A PROFESSIONAL COLLECTION AGENCY,
CHASE RECEIVABLES, INC.,
CONVERGENT OUTSOURCING, INC., *and*
EOS CCA,
        *Defendants*

---

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

**To:**   EOS CCA
          700 Longwater Drive
          Norwell, MA 02061

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the Superior Court of Rhode Island for the County of Providence and has been assigned docket number identified above.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Superior Court Rules of Civil Procedure and will then, to the extent authorized by the Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 22nd day of January, 2014.

_____
Plaintiff

2

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

# WAIVER OF THE SERVICE OF SUMMONS

**To:**   WILLIAM J. RUOTOLO, PLAINTIFF
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:_____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

States will be required to pay the expenses of service, unless the defendant shows good cause for the failure. "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

*C:\wjr\wjr\RUOTOLO v. afni, chase receeivables, convergent outsourcing, eos cca\complaint\notice of law suit - eos, cca - 01.22.2014.doc*

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

☒ Providence/Bristol County
   Licht Judicial Complex
   250 Benefit Street
   Providence, Rhode Island 02903

☐ Newport County
   Murray Judicial Complex
   45 Washington Square
   Newport, Rhode Island 02840

☐ Kent County
   Noel Judicial Complex
   222 Quaker Lane
   Warwick, Rhode Island 02886

☐ Washington County
   McGrath Judicial Complex
   4800 Tower Hill Road
   Wakefield, Rhode Island 02879

William J. Ruotolo
**Plaintiff**

v.

AFNI, Inc., et al.
**Defendant**

*To the above-names Defendant:*

| Civil Action, File Number |
| --- |

## SUMMONS

EOS CCA
700 Longwater Drive
Norwell, MA 02061

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon William J. Ruotolo , the Plaintiff's attorney, whose address is PO Box 111, North Scituate, RI 02857 an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

_____
                                                    Clerk

Dated: _____

**(Seal of the Superior Court)**

Superior-1 (revised October 2012)

WILLIAM J. RUOTOLO

January 6, 2014

Clerk of Court
PROVIDENCE SUPERIOR COURT, CIVIL
250 BENEFIT STREET
PROVIDENCE, RI 02903

RE:   William J. Ruotolo, *Plaintiff*
      *v.*
      AFNI, Inc., et al., *Defendants*
      C.A. PC14-To Be Determined

Dear Sir/Madame:

Enclosed for filing please find the following:

1.   COMPLAINT BY PLAINTIFF, WILLIAM J. RUOTOLO AGAINST DEFENDANTS,
     AFNI, INC., CHASE RECEIVABLES, A PROFESSIONAL COLLECTION AGENCY,
     CHASE RECEIVABLES, INC., CONVERGENT OUTSOURCING, INC.; AND EOS
     CCA;
2.   Five Summonses to be stamped by the Clerk of Court for Service of Process;
3.   Check in the amount of $160.00; and
4.   A self-addressed and stamped envelope for return of the enclosed summonses for the
     Court's Seal.

Thank you.

Sincerely,

William J. Ruotolo

*C:\wjr\wjr\RUOTOLO v. afni, chase receeivables, convergent outsourcing, eos cca\complaint\clerk of court -*
*01.06.2013 - complaint, filing fee.doc*



STATE OF RHODE ISLAND            AND PROVIDENCE PLANTATIONS

### SUPERIOR COURT

**CIVIL CASE COVER SHEET**

CASE #

> THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| William J. Ruotolo | AFNI, Inc., et al. |
|---|---|
| PLAINTIFF          ID# | DEFENDANT          ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA  AGENCY APPEAL | ( ) EX  EXCESSIVE TAX | ( ) PJ  PERSONAL INJURY/VEHICLE |
| ( ) AB  ASSAULT AND BATTERY | ( ) FF  FORFEITURE | ( ) PL  PRODUCT LIABILITY |
| ( ) AE  ASBESTOS CASES | ( ) FG  FOREIGN JUDGMENT | ( ) PR  PARTITION |
| ( ) AI  ANTI-TRUST | ( ) FS  FRIENDLY SUIT | ( ) RC  REINSTATE CHARTER |
| ( ) BA  BOOK ACCOUNT | ( ) ID  PER INJURY/PROP DAM/VEH | ( ) PT  PROMISSARY NOTE |
| ( ) BP  BILL OF RIGHTS-POLICE OFF | ( ) IJ  INJUNCTIVE RELIEF | ( ) RY  REAL PROPERTY |
| ( ) CH  CIVIL RIGHTS/JOB DISCRIM | ( ) IP  INTERPLEADER | ( ) SA  SEXUAL ABUSE |
| ( ) CI  CRIMINAL INJURY COMP | ( ) KP  KUGEL PATCH | ( ) SF  SPECIFIC PERFORMANCE |
| ( ) CL  COMMON LAW ASSIGNMENT | ( ) LC  LEAD CASE | ( ) SX  SEXUAL HARASSMENT |
| ( ) CM  COMMON LAW LIEN | ( ) LS  LIBEL/SLANDER | ( ) TD  CONTRACT DAMAGES |
| ( ) CS  CONVERSION | ( ) ME  MALPRACTICE/LEGAL | ( ) TE  TRESSPASS AND EJECTMENT |
| ( ) CV  CRIMINAL CONVERSION | ( ) MM  MALPRACTICE/MEDICAL | ( ) TO  TITLE CLEARING |
| ( ) CH  CIVIL RIGHTS/JOB DISCRIM | ( ) MO  MALPRACTICE/OTHER | ( ) TV  TRUSTEE/APPT CONVEY TITLE |
| ( ) DJ  DECLARATORY JUDGMENT | ( ) MR  MERS | ( ) TG  TRUSTEE/ACCOUNTING |
| ( ) DG  RECOVERY OF DAMAGES | ( ) OV  OTHER CIVIL ACTION | ( ) UM  UNINSURED MOTORIST |
| ( ) DB  DEBT ON JUDGMENT | ( ) PB  PROPERTY DAMAGES | ( ) WD  WRONGFUL DEATH/ OTHER |
| (✓) DD  DECEPTIVE TRADE PRACTICE | ( ) PG  PROPERTY DAMAGES/VEH | ( ) WE  WRONGFUL DEATH/ MED. MAL |
| ( ) DN  DENIAL OF PROBATE CLAIM | ( ) PI  PERSONAL INJURY | ( ) WM  WRIT OF MANDAMUS |

This case involves the following Counts: 1) Federal and State Fair Debt Collection Practices Act ( ) WR  WRIT OF REPLEVIN

**MISCELLANEOUS PETITION**       Violations, 2) Fraud, and 3) Unfair Business Dealings/Bad Faith Counts.

| | | |
|---|---|---|
| ( ) AC  ARBITRATION/CONFIRM | ( ) GJ  GRAND JURY INVESTIGATION | ( ) PX  PETITION TO EXPUNGE |
| ( ) AD  ARBITRATION AWARD | ( ) HC  HABEAS CORPUS | ( ) PY  PETITION INVENT (WIRE TAP) |
| ( ) AS  ASSESSMENT OF DAMAGES | ( ) LN  LEVEL COMMUN NOTIFICATION | ( ) RB  ARBITRATION REFERRAL |
| ( ) CE  CONDEMNATION | ( ) ML  MECHANICS LIEN | ( ) RP  RULE 5A PETITION |
| ( ) CN  CONFIRM COMPROMISE | ( ) MW  MATERIAL WITNESS | ( ) RV  RECEIVERSHIP |
| ( ) CP  CONTEMPT | ( ) OM  OTHER MISC PETITION | ( ) SO  SEXUAL VIOLENT PREDATOR |
| ( ) DI  DISCLAIMER | ( ) OW  OUT OF STATE WITNESS | ( ) SS  STRUCTURED SETTLEMENT |
| ( ) DS  DISSOLUTION OF CORP | ( ) PC  POST CONVICTION RELIEF | ( ) TA  APPOINTMENT OF TRUSTEE |
| ( ) DT  DECLINATION OF TRUSTEE | ( ) PD  PETITION TO TAKE DEPO | ( ) TC  TITLE CLEARING (TAX TITLE) |
| ( ) EN  END PARTNERSHIP | ( ) PM  PETITION FOR IMMUNITY | ( ) TL  FORECLOSURE/TAX LIEN |
| ( ) FC  FORFEITURE OF CHARTER | ( ) PO  PETITION FOR CONSTABLE | ( ) TS  TRUSTEE SUCCESSOR |
| ( ) FL  FORECLOSURE RIGHTS REDEM | ( ) PS  PERFORM SURGERY | ( ) VC  VACATE ARBITRATION |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD  GUARDIANSHIP | ( ) OA  OTHER PROBATE APPEAL | ( ) WL  WILL |
| ( ) NC  NAME CHANGE | ( ) TU  TRUST | |

**DISTRICT COURT APPEAL**

| |
|---|
| ( ) DISTRICT COURT APPEAL |

| TRIAL | (✓) YES | ( ) NO | IF YES: | (✓) JURY | ( ) NON-JURY |
|---|---|---|---|---|---|

ATTORNEY NAME AND RHODE ISLAND BAR NUMBER:

PRO SE/NAME: William J. Ruotolo                    DATE: January 6, 2014

SC-223

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                SUPERIOR COURT
                                               CIVIL DOCKET # C.A. PC14-

WILLIAM J. RUOTOLO,
          *Plaintiff,*

v.

AFNI, INC.,
CHASE RECEIVABLES,
          A PROFESSIONAL COLLECTION AGENCY,
CHASE RECEIVABLES, INC.,
CONVERGENT OUTSOURCING, INC., *and*
EOS CCA,
          *Defendants*

**COMPLAINT BY PLAINTIFF, WILLIAM J. RUOTOLO AGAINST
DEFENDANTS, AFNI, INC., CHASE RECEIVABLES, A PROFESSIONAL
COLLECTION AGENCY, CHASE RECEIVABLES, INC., CONVERGENT
OUTSOURCING, INC., AND EOS CCA**

NOW COMES the Plaintiff, WILLIAM J. RUOTOLO and states as follows:

¶ 1.    The Plaintiff, WILLIAM J. RUOTOLO, is a Rhode Island resident whose current address is PO Box 111, North Scituate, RI 02857.

¶ 2.    The Defendant, AFNI, INC., is an entity incorporated in the state of Illinois and is a corporation which provides debt collection services, has a usual business address listed as 310 Martin Luther King Drive, Bloomington, IL 61702-3517, and whose registered agent for service of process is Gregory J. Donovan, 404 Brock Drive, Bloomington, IL 61701.

¶3.    The Defendant, CHASE RECEIVABLES, A PROFESSIONAL COLLECTION AGENCY, is an entity incorporated in the state of California and is a corporation which provides debt collection services, has a usual business address listed as 1247 Broadway, Sonoma, CA 95478, and whose registered agent for service of process is Terremce L. Paff, 951 California, Blvd., Napa, CA 94559.

¶4.    The Defendant, CHASE RECEIVABLES, INC., is an entity incorporated in the state of California and is a corporation which provides debt collection services, has a usual business address listed as 1247 Broadway, Sonoma, CA 95478, and whose registered agent for service of process is Terremce L. Paff, 951 California, Blvd., Napa, CA 94559 and as of November 22, 2013, the Secretary of State's website indicates this entities status is "SUSPENDED."

¶5.    The Defendant, CONVERGENT OUTSOURCING, INC., is an entity incorporated in the state of Washington and is a corporation which provides debt collection services, has a usual business address listed as 800 SW 39th Street, PO Box 9004, Renton, WA 98057, and whose registered agent for service of process is Steven J. Hunter, 800 SW 39th Street, WA 98057-9004.

¶6.    The Defendant, EOS CCA, is an entity which is engaged in debt collection throughout the United States with a usual place of business at 700 Longwater Drive, Norwell, MA 02061, and its internet website indicates the following concerning EOS CCA: "The EOS Group is a group of companies active throughout the world, with more than 40 subsidiaries and associated companies in

2

over 20 countries. Its headquarters are in Hamburg (Germany)," and that "EOS CCA is headquartered just outside Boston in Norwell, Massachusetts." See http://www.eos-cca.com/AboutEOSCCA/tabid/56/Default.aspx.   It is not registered with the Massachusetts Secretary of State, Corporations Division under the name EOS CCA.   EOS CCA is an entity which provides debt collection services.

¶7.   Beginning in, or around January, 2012, and at times thereafter, the Defendants, and or their predecessors or assigns, at various times provided debt collection services to creditors and purported creditors to the best of the Plaintiff's knowledge and belief.

¶8.   In, or around January, 2012, the Defendants, were subject to The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶9.   In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

    a.   "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

    b.   A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c.  It is requested that they provide proof of signatures on any claimed debt owed.

d.  It is requested that they immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

e.  They were requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f.  It is requested that they provide proof of debt and signatures of the purported debtor from their predecessors collection agents and the claimed Creditor, if any.

g.  It is requested that they provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h.  It is requested that any and all documentation purporting to be a contract on which they or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i.  Information identifying the name of any purchaser or purchasers of the claimed debt.

j.  It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named in their communications to the Plaintiff.

4

k.      Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l.      Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

¶ 10.   The Defendants failed to comply with a majority of the requests and failed to comply with The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 11.   In addition to the above, the Defendants provided information to the Plaintiff that was false and/or misleading with the intent that the Plaintiff rely on said information to his financial detriment.

¶ 12.   As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, bad faith, and fraud, the Plaintiff was financially harmed.

## CAUSES OF ACTION

### COUNT I
**(Violation of The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p)**

¶ 13.   The Plaintiff, WILLIAM J. RUOTOLO, repeats and re-avers paragraphs 1 though 12 above as if they were stated here verbatim.

5

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

¶ 14.   Beginning in, or around January, 2012, and at times thereafter, the Defendants, and or their predecessors or assigns, at various times provided communication

¶ 15.   In, or around January, 2012, the Defendants, were subject to The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 16.   In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

a.   "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

b.   A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c.   It is requested that they provide proof of signatures on any claimed debt owed.

d.   It is requested that they immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

e.   They were requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

6

f. It is requested that they provide proof of debt and signatures of the purported debtor from their predecessors collection agents and the claimed Creditor, if any.

g. It is requested that they provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h. It is requested that any and all documentation purporting to be a contract on which they or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i. Information identifying the name of any purchaser or purchasers of the claimed debt.

j. It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named in their communications to the Plaintiff.

k. Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l. Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

¶ 17.   The Defendants failed to comply with a majority of the requests and failed to comply with The Fair Debt Collection Practices Act - Pub. L. 109-

351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 18.    As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, bad faith, and fraud, the Plaintiff was financially harmed.

In addition to the above, the Defendants provided information to the Plaintiff that was false and/or misleading with the intent that the Plaintiff rely on said information to his financial detriment.

¶ 19.    WHEREFORE, the Plaintiff, WILLIAM J. RUOTOLO, demands judgment against the Defendants, AFNI, INC., CHASE RECEIVABLES , A PROFESSIONAL COLLECTION AGENCY, CHASE RECEIVABLES, INC., CONVERGENT OUTSOURCING, INC., and EOS CCA, jointly and severally, in the amount of $70,000.00 plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just.

## COUNT II
### (Violation of The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14)

¶ 20.    The Plaintiff, WILLIAM J. RUOTOLO, repeats and re-avers paragraphs 1 though 19 above as if they were stated here verbatim.

¶ 21.    Beginning in, or around January, 2012, and at times thereafter, the Defendants, and or their predecessors or assigns, at various times provided communication

¶ 22.    In, or around January, 2012, the Defendants, were subject to The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966

8

((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶23.   In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

a.   "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

b.   A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c.   It is requested that they provide proof of signatures on any claimed debt owed.

d.   It is requested that they immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

e.   They were requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f.   It is requested that they provide proof of debt and signatures of the purported debtor from their predecessors collection agents and the claimed Creditor, if any.

g.   It is requested that they provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h.  It is requested that any and all documentation purporting to be a contract on which they or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i.  Information identifying the name of any purchaser or purchasers of the claimed debt.

j.  It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named in their communications to the Plaintiff.

k.  Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l.  Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

¶ 24.  The Defendants failed to comply with a majority of the requests and failed to comply with The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 25.  As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, and fraud, the Plaintiff was financially harmed.

¶ 26.  WHEREFORE, the Plaintiff, WILLIAM J. RUOTOLO, demands judgment against the Defendants, AFNI, INC., CHASE RECEIVABLES , A PROFESSIONAL COLLECTION AGENCY, CHASE RECEIVABLES, INC.,

CONVERGENT OUTSOURCING, INC., and EOS CCA, jointly and severally, in the amount of $70,000.00 plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just.

### III
### (Fraud)

¶ 27.   The Plaintiff repeats and re-avers paragraphs 1 though 26 above as if they were stated here verbatim.

¶ 28.   In, or around January, 2012, the Defendants, were subject to The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 29.   In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

a.   "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

b.   A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c.   It is requested that they provide proof of signatures on any claimed debt owed.

d.   It is requested that they immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

11

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

e.  They were requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f.  It is requested that they provide proof of debt and signatures of the purported debtor from their predecessors collection agents and the claimed Creditor, if any.

g.  It is requested that they provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h.  It is requested that any and all documentation purporting to be a contract on which they or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i.  Information identifying the name of any purchaser or purchasers of the claimed debt.

j.  It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named in their communications to the Plaintiff.

k.  Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l.  Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

12

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

¶ 30.   The Defendants failed to comply with a majority of the requests and failed to comply with The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 31.   As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, and fraud, the Plaintiff was financially harmed.

¶ 32.   As of the writing of this Complaint, the Defendants have failed to provide the information requested above.

¶ 33.   The Defendants, without cause, justification, or excuse, fraudulently misrepresented facts to the Plaintiff with the intent that he rely upon them to his financial detriment as well as:

      a.   Made false and/or misleading statements, with full knowledge that such statements were false and/or misleading or, in the alternative, should have known that such statements were false and/or misleading that had, and have, the capacity, tendency, or effect, of misleading and/or deceiving, Rhode Island Consumers and more particularly mislead or deceived the Plaintiff;

      b.   Failed to state material facts concerning a contract entered into between Verizon and Plaintiff;

      c.   Attempted to collect a debt from the Plaintiff had no proof of contract under which they could collect monies from the Plaintiff;

      d.   Failed to confirm or take reasonable steps to ensure that the debt had not been contested to the purported Creditor;

e.      Failed to confirm or take reasonable steps to ensure that the debt had not been contested to prior debt collectors;

f.      Failed to inform the Plaintiff that they had no proof of contract under which they could collect monies from the Plaintiff and attempted to collect monies just the same;

g.      Intentionally failed to comply with the Federal Fair Debt Collection Practices Act Fair Debt Collection Practices Act ("FDCPA" hereinafter); As amended by Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 (2006) and 15 U.S.C. §§ 1692-1692p. as well as the Rhode Island Fair Debt Collection Practices Act ("RI FDCPA" hereinafter), R.I.G.L. § 19-14.9-1 through § 19-14.9-14 with knowledge that they had no legal right to recover a debt against the Plaintiff;

h.      Knowingly attempted to collect a debt that the purported creditor or original creditor had assigned for collection to other firms and/or knew from the creditor or original creditor that the debt was contented.

¶ 34.   Beginning in, or around January, 2012, and at times thereafter, the Defendants, and or their predecessors or assigns, by their conduct violated The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 35.   WHEREFORE, the Plaintiff, WILLIAM J.RUOTOLO, demands judgment against the Defendants plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just.

14

RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined

## COUNT IV
### (Unfair Business Dealings/Bad Faith)

¶ 36.    The Plaintiff re-alleges, re-avers and incorporates herein by reference the allegations set forth in paragraphs 1 through 35 above.

¶ 37.    The Defendants, TRACFONE WIRELESS, INC. and ABC, ALIAS ("Defendants" hereinafter) is a foreign corporation with a usual place of business at 9700 NW 112th Avenue, Miami, FL 33178 and is conducting business within the State of Rhode Island, has its corporate headquarters domiciled at 9700 NW 112th Avenue, Miami, FL 33178 and has no registered agent for service of process listed with the Rhode Island Secretary of State.

¶ 38.    In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

a.   "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

b.   A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c.   It is requested that they provide proof of signatures on any claimed debt owed.

d.   It is requested that they immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

15

e. They were requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f. It is requested that they provide proof of debt and signatures of the purported debtor from their predecessors collection agents and the claimed Creditor, if any.

g. It is requested that they provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h. It is requested that any and all documentation purporting to be a contract on which they or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i. Information identifying the name of any purchaser or purchasers of the claimed debt.

j. It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named in their communications to the Plaintiff.

k. Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l. Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

*RUOTOLO v. EOS CCA, et al., PC2013-To Be Determined*

¶ 39.   The Defendants failed to comply with a majority of the requests and failed to comply with The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 40.   As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, and bad faith, and fraud, the Plaintiff was financially harmed.

¶ 41.   As of the writing of this Complaint, the Defendants have failed to provide the information requested above.

¶ 42.   The Defendants, without cause, justification, or excuse, fraudulently misrepresented facts to the Plaintiff with the intent that he rely upon them to his financial detriment as well as:

a.   Made false and/or misleading statements, with full knowledge that such statements were false and/or misleading or, in the alternative, should have known that such statements were false and/or misleading that had, and have, the capacity, tendency, or effect, of misleading and/or deceiving, Rhode Island Consumers and more particularly mislead or deceived the Plaintiff;

b.   Failed to state material facts concerning a contract entered into between Verizon and Plaintiff;

c.   Attempted to collect a debt from the Plaintiff had no proof of contract under which they could collect monies from the Plaintiff;

d.   Failed to confirm or take reasonable steps to ensure that the debt had not been contested to the purported Creditor;

17

e.      Failed to confirm or take reasonable steps to ensure that the debt had not been contested to prior debt collectors;.

f.      Failed to inform the Plaintiff that they had no proof of contract under which they could collect monies from the Plaintiff and attempted to collect monies just the same;

g.      Intentionally failed to comply with the Federal Fair Debt Collection Practices Act Fair Debt Collection Practices Act ("FDCPA" hereinafter), As amended by Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 (2006) and 15 U.S.C. §§ 1692-1692p. as well as the Rhode Island Fair Debt Collection Practices Act ("RI FDCPA" hereinafter), R.I.G.L. § 19-14.9-1 through § 19-14.9-14 with knowledge that they had no legal right to recover a debt against the Plaintiff;

h.      Knowingly attempted to collect a debt that the purported creditor or original creditor had assigned for collection to other firms and/or knew from the creditor or original creditor that the debt was contented.

¶ 43.    Beginning in, or around January, 2012, and at times thereafter, the Defendants, and or their predecessors or assigns, by their conduct violated The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 44.    Under the laws of the State of Rhode Island, Defendants, had an obligation to refrain from unfair business dealings, § 6-13.1-1, et seq. and bad faith.

RUOTOLO v. EOS CCA. et al, PC2013-To Be Determined

¶ 45.  The Defendant, Defendants, failed to comply with the statute and violated its obligations to refrain from unfair business dealings, § 6-13.1-1. Et seq., and bad faith without cause, justification, or excuse, breached its contract with the Plaintiff to the Plaintiff's financial detriment in, among other ways, as follows:

a.     Made false and/or misleading statements that had, and have, the capacity, tendency, or effect, of misleading and/or deceiving Rhode Island Consumers and more particularly mislead or deceived the Plaintiff;

b.     Failed to state material facts concerning a contract entered into between the Defendants and Plaintiff;

c.     Failed to comply with the terms of the contract or contracts;

d.     Failed to respond in a reasonable manner to the Plaintiff informing the Defendant that the item sold had missing parts and a defective product.

e.     Made meaningless and irrelevant responses to the Plaintiff concerning the notice of breach of contract after the Plaintiff notified the Defendant that the item sold had missing parts in an unfair business manner.

f.     Failed to respond to the Plaintiff's notices that he was placed in a position to have to litigate their breach of contract as they had failed and/or refused to respond to his concerns that the product had missing parts and could not be used.

g.     Requiring the Plaintiff to litigate in order to obtain recovery for the Defendant's Breach of Contract.

h.   Making no meaningful offers of resolution once the Defendant was informed of the breach of contract and requiring the Plaintiff to litigate.

i.   Abrogating its contractual obligations with respect to the contract between the Plaintiff and Defendants.

¶ 46.   As a direct and proximate cause of the acts of Defendants' conduct, the Plaintiff was financially harmed.

¶ 47.   As a direct and proximate cause of Defendants' violations of the unfair business statute, the Plaintiff has suffered financial harm.

¶ 48.   WHEREFORE, the Plaintiff, WILLIAM J. RUOTOLO, demands judgment against the Defendant, in the amount of $500,000 aggregate for all Counts in this Complaint, plus interest, costs, and attorney's fees.

**THE PLAINTIFF RESPECTFULLY RESERVES THE RIGHT TO AMEND THIS COMPLAINT TO CONFORM TO THE EVIDNECE PROCURRED THROUGH DISCOVERY.**

### JURY TRIAL DEMAND

The Plaintiff, WILLIAM J. RUOTOLO, respectfully claims a trial by jury on all issues raised in the Plaintiff's Complaint and for damages in the amount of $70,000.00 plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just as a result of the Defendants' actions and breaches of duties owed to the Plaintiff.

20

RUOTOLO v. EOS CCA. et al.,PC2013-To Be Determined

Respectfully Submitted,

**PLAINTIFF,**
Pro Se,

William J. Ruotolo
PO Box 111
North Scituate, RI 02857
Phone: (401) 489-1051
williamjruotolo@gmail.com

Dated: January 6, 2014

C:\wjr\wjr\RUOTOLO    v.    afni,    chase    receeivables,    convergent    outsourcing,    eos
cca\complaint\complaint - afni, inc., chase receivables, convergent outsoursing, eos cca .-
01.06.2014 - FILED.doc



U.S. POSTAGE
PAID
JOHNSTON, RI
02919
JAN 23, 14
AMOUNT

$2.41
000-46785-13

02061

1004

UNITED STATES
POSTAL SERVICE

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

Label 400 Jan. 2013
7690-16-000-7948

9114 9011 5981 5634 0857 94

EOS CCA
700 Longwater Drive
Norwell, MA 02061

William J. Ronoco
Attorney & Counsellor at Law
PO Box 114
North Scituate, RI 02857

RUOTOLO v. EOS CCA, *et al.*, PC2013-To Be Determined

## WAIVER OF THE SERVICE OF SUMMONS

**To:**   WILLIAM J. RUOTOLO, PLAINTIFF
(*Name of the plaintiff's attorney or unrepresented plaintiff*)

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  *2 - 4 - 14*

*Susan P Giordano for EOS CCA*
_____
Signature of the attorney or unrepresented party

*Susan Giordano*
_____
Printed name of party waiving service of summons

*200 Longwater Drive.*
_____
Address

*Norwell, MA*
_____
E-mail address

*02061*
_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United

3

RUOTOLO v. EOS CCA, et al, PC2013-To Be Determined

States will be required to pay the expenses of service, unless the defendant shows good cause for the failure. "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

*C:\wjr\wjr\RUOTOLO  v.  afni,  chase  receeivables,  convergent  outsourcing,  eos cca\complaint\notice of law suit - eos, cca - 01.22.2014.doc*

4

*Dallas*
*10351104*

# WILLIAM J. RUOTOLO
ATTORNEY & COUNSELLOR AT LAW

November 24, 2013

AFNI, INC.
310 Martin Luther King Drive
Bloomington, IL 61702-3517

AFNI, INC.
Gregory J. Donovan
Registered Agent for Service of Process
404 Brock Drive
Bloomington, IL 61701

CHASE RECEIVABLES, A PROFESSIONAL COLLECTION AGENCY
1247 Broadway
Sonoma, CA 95478

CHASE RECEIVABLES, A PROFESSIONAL COLLECTION AGENCY
Terremce L. Paff
Registered Agent for Service of Process
951 California, Blvd.,
Napa, CA 94559

CHASE RECEIVABLES, INC.
1247 Broadway
Sonoma, CA 95478

CHASE RECEIVABLES, INC.
Terremce L. Paff
Registered Agent for Service of Process
951 California, Blvd.,
Napa, CA 94559

CONVERGENT OUTSOURCING, INC.
800 SW 39th Street
PO Box 9004
Renton, WA 98057

CONVERGENT OUTSOURCING, INC.
Steven J. Hunter
Registered Agent for Service of Process
800 SW 39th Street
WA 98057-9004

WILLIAM J. RUOTOLO
ATTORNEY & COUNSELLOR AT LAW

EOS CCA
700 Longwater Drive
Norwell, MA 02061

RE:   Claimed Original Creditor:   Verizon

AFNI, INC. - Claimed Original Creditor:   Verizon
Account #: 037732277-01 & 7785002563090605

Chase Receivables - Account #: 09437787
Creditor Acct #: 7785002563090805

Convergent Outsourcing, Inc. - Account #: 7785002563090805
Convergent Account No: B-31777940

EOS CCA - Account #: 10351104
Reference #: 7785002563090805

Dear Sir/Madame:

COMPLAINT BY PLAINTIFF, WILLIAM J. RUOTOLO AGAINST DEFENDANTS, AFNI, INC., CHASE RECEIVABLES, A PROFESSIONAL COLLECTION AGENCY, CONVERGENT OUTSOURCING, INC., AND EOS CCA

Should you wish to discuss resolution prior to litigation being instituted, please contact the undersigned in writing via email by the close of business on November 29, 2013.

Sincerely,

William J. Ruotolo

CONFIDENTIAL COMMUNICATION & DISCLOSURE

This communication and any files transmitted with it in hard copy or electronically are confidential and intended solely for the use of the individual or entity to whom/which they are addressed.

Please note that 18 U.S.C. 2510, et seq., provides federal criminal and civil penalties for the unauthorized reading of this e-mail if you are not the intended recipient named above. This communication contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

IRS Circular 230 Notice: Any U.S. tax advice found to be included in this publication is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties or for promoting, marketing, or recommending to another party any tax-related matter addressed herein.

The Rhode Island Supreme Court licenses all lawyers in the general practice of law. The court does not license or certify any lawyer as an expert or specialist in any field of practice. *Rhode Island Rules of Professional Conduct Rule 7.4 (As amended by the court on December 16, 1997; April 15, 2007).*

C:\wjr\wjr\RUOTOLO v. afni, chase receivables, convergent outsourcing, eos cca\joint letter\joint letter - 11.24.2013.doc

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                          SUPERIOR COURT
                                         CIVIL DOCKET # C.A. PC12-

WILLIAM J. RUOTOLO,
            *Plaintiff,*

v.

AFNI, INC.,
CHASE RECEIVABLES ,
       A PROFESSIONAL COLLECTION AGENCY,
CHASE RECEIVABLES, INC.,
CONVERGENT OUTSOURCING, INC., *and*
EOS CCA,
            *Defendants*

**COMPLAINT BY PLAINTIFF, WILLIAM J. RUOTOLO AGAINST
DEFENDANTS, AFNI, INC., CHASE RECEIVABLES, A PROFESSIONAL
COLLECTION AGENCY, CONVERGENT OUTSOURCING, INC., AND
<u>EOS CCA</u>**

NOW COMES the Plaintiff, WILLIAM J. RUOTOLO and states as

follows:

¶ 1.    The Plaintiff, WILLIAM J. RUOTOLO, is a Rhode Island resident

whose current address is PO Box 111, North Scituate, RI 02857.

¶ 2.    The Defendant, AFNI, INC., is an entity incorporated in the state

of Illinois and is a corporation which provides debt collection services, has a usual

business address listed as 310 Martin Luther King Drive, Bloomington, IL 61702-

3517, and whose registered agent for service of process is Gregory J. Donovan,

404 Brock Drive, Bloomington, IL 61701.

¶ 3.     The Defendant, CHASE RECEIVABLES, A PROFESSIONAL COLLECTION AGENCY, is an entity incorporated in the state of California and is a corporation which provides debt collection services, has a usual business address listed as 1247 Broadway, Sonoma, CA 95478, and whose registered agent for service of process is Terremce L. Paff, 951 California, Blvd., Napa, CA 94559.

¶ 4.     The Defendant, CHASE RECEIVABLES, INC., is an entity incorporated in the state of California and is a corporation which provides debt collection services, has a usual business address listed as 1247 Broadway, Sonoma, CA 95478, and whose registered agent for service of process is Terremce L. Paff, 951 California, Blvd., Napa, CA 94559 and as of November 22, 2013, the Secretary of State's website indicates this entities status is "SUSPENDED."

¶ 5.     The Defendant, CONVERGENT OUTSOURCING, INC., is an entity incorporated in the state of Washington and is a corporation which provides debt collection services, has a usual business address listed as 800 SW 39th Street, PO Box 9004, Renton, WA 98057, and whose registered agent for service of process is Steven J. Hunter, 800 SW 39th Street, WA 98057-9004.

¶ 6.     The Defendant, EOS CCA, is an entity which is engaged in debt collection throughout the United States with a usual place of business at 700 Longwater Drive, Norwell, MA 02061, and its internet website indicates the following concerning EOS CCA: "The EOS Group is a group of companies active throughout the world, with more than 40 subsidiaries and associated companies in

over 20 countries. Its headquarters are in Hamburg (Germany)," and that "EOS

CCA is headquartered just outside Boston in Norwell, Massachusetts."   See

http://www.eos-cca.com/AboutEOSCCA/tabid/56/Default.aspx.   It   is   not

registered with the Massachusetts Secretary of State, Corporations Division under

the name EOS CCA.   EOS CCA is an entity which provides debt collection

services.

¶ 7.    Beginning in, or around January, 2012, and at times thereafter, the

Defendants, and or their predecessors or assigns, at various times provided

communication

¶ 8.    In, or around January, 2012, the Defendants, were subject to The

Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966

((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt

Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 9.    In, or around January, 2012, the Defendants, and or their

predecessors or assigns, were aware that the Plaintiff contested the debt and proof

of debt and requested documents, information and proof of debt by, inter alias,

requesting the following:

a.    "It was requested that they provide, within five (5) business days

any proof of claimed debt owed.

b.    A breakdown of the claimed debt with respect to amounts owed

and dates on which claimed debt was owed.

c.    It is requested that you provide proof of signatures on any claimed

debt owed.

3

RUOTOLO v. EOS CCA, *et al.*, PCD2013-To Be Determined

d.    It is requested that you immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

e.    You are requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f.    It is requested that you provide proof of debt and signatures of the purported debtor from your predecessors collection agents and the claimed Creditor, if any.

g.    It is requested that you provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h.    It is requested that any and all documentation purporting to be a contract on which you or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i.    Information identifying the name of any purchaser or purchasers of the claimed debt.

j.    It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named above be provided at this time.

RUOTOLO v. EOS CCA, et al., PCD2013-To Be Determined

k.  Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l.  Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

¶ 10.  The Defendants failed to comply with a majority of the requests and failed to comply with The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 11.  As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, and fraud, the Plaintiff was financially harmed.

## CAUSES OF ACTION

### COUNT I
### (Violation of The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p)

¶ 12.  The Plaintiff, WILLIAM J. RUOTOLO, repeats and re-avers paragraphs 1 though 11 above as if they were stated here verbatim.

¶ 13.  Beginning in, or around January, 2012, and at times thereafter, the Defendants, and or their predecessors or assigns, at various times provided communication

5

RUOTOLO v. EOS CCA. et al., PCD2013-To Be Determined

¶ 14.   In, or around January, 2012, the Defendants, were subject to The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 15.   In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

a.   "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

b.   A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c.   It is requested that you provide proof of signatures on any claimed debt owed.

d.   It is requested that you immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

e.   You are requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f.   It is requested that you provide proof of debt and signatures of the purported debtor from your predecessors collection agents and the claimed Creditor, if any.

6

g.   It is requested that you provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

h.   It is requested that any and all documentation purporting to be a contract on which you or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i.   Information identifying the name of any purchaser or purchasers of the claimed debt.

j.   It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named above be provided at this time.

k.   Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l.   Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

¶ 16.   The Defendants failed to comply with a majority of the requests and failed to comply with The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The

Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 17.   As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, and fraud, the Plaintiff was financially harmed.

¶ 18.   WHEREFORE, the Plaintiff, WILLIAM J. RUOTOLO, demands judgment against the Defendants, AFNI, INC., CHASE RECEIVABLES , A PROFESSIONAL COLLECTION AGENCY, CHASE RECEIVABLES, INC., CONVERGENT OUTSOURCING, INC., and EOS CCA, jointly and severally, in the amount of $70,000.00 plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just.

## COUNT II
### (Violation of The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14)

¶ 19.   The Plaintiff, WILLIAM J. RUOTOLO, repeats and re-avers paragraphs 1 though 18 above as if they were stated here verbatim.

¶ 20.   Beginning in, or around January, 2012, and at times thereafter,  the Defendants, and or their predecessors or assigns, at various times provided communication

¶ 21.   In, or around January, 2012, the Defendants, were subject to The Fair Debt Collection Practices Act - Pub. L. 109-351, §§ 801-819, 120 Stat. 1966 ((2006)) and 15 U.S.C. §§ 1692-1692p and The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 22.   In, or around January, 2012, the Defendants, and or their predecessors or assigns, were aware that the Plaintiff contested the debt and proof

of debt and requested documents, information and proof of debt by, inter alias, requesting the following:

a. "It was requested that they provide, within five (5) business days any proof of claimed debt owed.

b. A breakdown of the claimed debt with respect to amounts owed and dates on which claimed debt was owed.

c. It is requested that you provide proof of signatures on any claimed debt owed.

d. It is requested that you immediately advise who the original claimed creditor was and whether the claimed debt has been purchased and by whom.

e. You are requested to provide all notices and documentation required in compliance with the Federal Fair Debt Collection Practices Act.

f. It is requested that you provide proof of debt and signatures of the purported debtor from your predecessors collection agents and the claimed Creditor, if any.

g. It is requested that you provide any and all documentation with respect to how the original creditor, successive creditor(s), or any collection agency has calculated the amount which is claimed to be owed.

9

RUOTOLO v. EOS CCA, et al., PCD2013-To Be Determined

h.   It is requested that any and all documentation purporting to be a contract on which you or any creditor with an interest in the above between the undersigned and the ORIGINAL creditor.

i.   Information identifying the name of any purchaser or purchasers of the claimed debt.

j.   It is requested that any contract purporting to sell or transfer any debt obligation which claims to involve the Creditor named above be provided at this time.

k.   Any and all documentation related to notices sent by VERIZON concerning claimed delinquency with respect to an account in the name of the undersigned for the past three (3) years.

l.   Any and all documentation reflecting payments made to VERIZON, including but not limited to, copies of cancelled checks, electronic payments from the undersigned's bank account, and any other electronic payments made to VERIZON."

¶ 23.   The Defendants failed to comply with a majority of the requests and failed to comply with The Rhode Island Fair Debt Collection Practices R.I.G.L. § 19-14.9-1 through § 19-14.9-14.

¶ 24.   As a direct and proximate cause of the acts of Defendants' conduct, misrepresentation, and fraud, the Plaintiff was financially harmed.

¶ 25.   WHEREFORE, the Plaintiff, WILLIAM J. RUOTOLO, demands judgment against the Defendants, AFNI, INC., CHASE RECEIVABLES , A PROFESSIONAL COLLECTION AGENCY, CHASE RECEIVABLES, INC.,

10

RUOTOLO v. EOS CCA, et al., PCD2013-To Be Determined

CONVERGENT OUTSOURCING, INC., and EOS CCA, jointly and severally, in the amount of $70,000.00 plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just.

THE PLAINTIFF RESPECTFULLY RESERVES THE RIGHT TO AMEND THIS COMPLAINT TO CONFORM TO THE EVIDNECE PROCURRED THROUGH DISCOVERY.

### JURY TRIAL DEMAND

The Plaintiff, WILLIAM J. RUOTOLO, respectfully claims a trial by jury on all issues raised in the Plaintiff's Complaint and for damages in the amount of $70,000.00 plus interests, costs, and attorneys fees and for whatever other damages the Court sees fit and just as a result of the Defendants' actions and breaches of duties owed to the Plaintiff.

Respectfully Submitted,

PLAINTIFF,
Pro Se,

William J. Ruotolo
PO Box 111
North Scituate, RI 02857
Phone: (401) 489-1051
williamjruotolo@gmail.com

Dated: November 24, 2013

*C:\wjr\wjr\RUOTOLO v. afni, chase receivables, convergent outsourcing, eos cca\complaint\complaint - afni, inc., chase receivables, convergent outsoursing, eos cca - 11.24.2013 - courtesy copy.doc*

11



William J. Ruotolo
Attorney & Counsellor at Law
PO Box 111
North Scituate, RI 02857

RECEIVED
NOV 27 2013

EOS CCA
700 Longwater Drive
Norwell, MA 02061

UNITED STATES
POSTAL SERVICE

1000

02061